```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor,    :
United States Department of Labor,                    **COMPLAINT**
                                             :
                                             
                  Plaintiff,                 :   Civil Action No.
            v.
                                             :   18-cv-
NATIONAL PLUMBING & HEATING, INC. and
JORGE CARVALHO, Individually and as Officer, :

                  Defendants.                :

------------------------------------------------------------------   :
```

## INTRODUCTION

1. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages and liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2. As set forth below, Defendants have denied their employees proper overtime wages. Defendants' employees have routinely worked in excess of 40 hours per week as plumbing and heating technicians. Defendants failed to pay their employees *any* wages for hours worked in excess of 40 per week. Moreover, Defendants have failed to keep accurate records of hours worked and overtime premium pay rates as required by the Act.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

5. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

6. Defendant NATIONAL PLUMBING & HEATING, INC. ("NPH") is corporation organized under the laws of the State of New Jersey, having its registered office and principal place of business at 236 S 11th Street, Newark, NJ 07107, within the jurisdiction of the court, where it is engaged in the business as a plumbing and heating contractor.

7. NPH has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

8. Defendant JORGE CARVALHO ("Carvalho") is the owner of NPH and actively supervises the daily operations of NPH. Carvalho has authority to and does hire, fire, supervise, discipline, and set the hours and compensation of employees.

9. Carvalho has regulated the employment of all persons employed by NPH, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

### Defendant NPH is an Enterprise Engaged in Commerce

10. The business activities of defendant NPH, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

11. During the relevant period since at least June 4, 2015, Defendants have employed and are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to tools and plumbing and heating materials. During the relevant period, the enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### Tolling Agreement

12. On or about January 29, 2018, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

13. The tolling agreement tolls the applicable statute of limitations beginning on June 4, 2015 through the date the tolling agreement is terminated.

14. The Secretary terminated the tolling agreement effective June 10, 2018.

15. Accordingly, the statute of limitations shall be tolled from June 4, 2015 through June 10, 2018.

## Defendants' Pay Practices

16. During the relevant time period through at least June 3, 2017 ("the relevant time period"), Defendants employed employees as plumbing and heating construction workers.

17. During the relevant time period, most of Defendants' employees regularly worked more than 40 hours per week, often for approximately 41 to 45 hours each week, but were not paid at all for their overtime hours.

18. Defendants typically required all employees to report to the shop located at 236 S. 11th Street, Newark, NJ at approximately 6:30 am each day to begin work.

19. From approximately 6:30-7:00 am or later, employees were required to attend daily meetings and load tools and materials into company trucks.

20. During these meetings, Defendants handed out assignments for the day and provided instructions and directions for the work.

21. This work at the shop in the mornings is the first principal activity of the day that employees perform.

22. For example, for the week ending August 15, 2015, payroll records show that employee Jose Amaya was paid for 40 hours of work. However, he was not paid at all for the hours worked between 6:30 and 7:00 am each day at the NPH shop, loading trucks and attending required meetings to obtain his work assignments and instructions, for a total of at least 42.5 hours that week.

23. Additionally, Defendants required some employees to drive company vehicles, loaded with work materials, back from the job site to the company office at the end of the each day but did not compensate the drivers for this time.

24. For example, for the week ending February 20, 2016, payroll records show that employee Jose Benitez was paid for 40 hours of work. However, he was not paid at all for the hours worked between 6:30 and 7:00 am each day at NPH shop, loading trucks and attending required meetings to obtain his work assignments and instructions. Nor was he paid for any time he spent after 3:00 pm driving the company vehicle, transporting other employees, and plumbing materials and tools back to the shop in the afternoon each day for a total of at least 45 hours that week.

25. As a result of not paying employees for this loading, meeting and travel time, defendants failed to pay their employees at one and a half times their regular rate of pay when they worked in excess of forty hours per week during the relevant time period as prescribed by section 7 of the FLSA.

**Defendants' Unlawful Recordkeeping Policies and Practices**

26. During the relevant period, Defendants did not make, keep, and preserve accurate records of their employees' hours worked or rates of pay as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

27. More specifically, Defendants failed to keep accurate records of, *inter alia*, employees' daily and weekly hours of work, or their overtime rates of pay.

**FIRST CAUSE OF ACTION**
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

28. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 27 of the complaint.

29. Defendants NPH and Carvalho in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their plumbing and heating workers in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

30. Therefore, Defendants NPH and Carvalho are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA

31. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 27 of the complaint.

32. Defendants NPH and Carvalho have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that these Defendants failed to make, keep, and preserve records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516.  Specifically, Defendants failed to keep any records of, *inter alia*, their plumbing and heating construction workers' actual daily and weekly hours of work, overtime rates of pay.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2. An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:   June 11, 2018
         New York, New York

                                          s/Kate S. O'Scannlain
                                          KATE S. O'SCANNLAIN
                                          Acting Solicitor of Labor


                                          s/ Jeffrey S. Rogoff
                                          JEFFREY S. ROGOFF
                                          Regional Solicitor

s/ Molly K. Biklen
MOLLY K. BIKLEN
Supervisory Trial Attorney

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3676;
biklen.molly@dol.gov;
NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff Secretary of Labor*

# EXHIBIT A

**LAST NAME**           **FIRST NAME**

| LAST NAME | FIRST NAME |
|---|---|
| Amaya | Jose |
| Benitez | Jose |
| Lapaiz | Angel M. |
| Lourenzo | Alex Ramos |
| Martins | Joshua |
| Moreno | Jimmy |
| Ramos | Alex |
| Ramos | Bryan |
| Ramos | Jose E. |
| Ramos Valera Jr. | Alex |
| Santana | Joaquim |